IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

| | | |
|---|---|---|
| ABC SUPPLY CO., INC., § | | PLAINTIFF |
| *doing business as* § | | |
| *Town & Country Industries* § | | |
| § | | |
| § | | |
| v. § | | Civil No. 1:25cv90-HSO-BWR |
| § | | |
| § | | |
| GULF COAST PATIO & SCREEN § | | |
| INC. and DERWIN DALE DANIELS § | | DEFENDANTS |

**ORDER GRANTING IN PART AND DENYING IN PART
PLAINTIFF ABC SUPPLY CO., INC.'S MOTION [10]
AND AMENDED MOTION [11] FOR DEFAULT JUDGMENT**

After Defendants Gulf Coast Patio & Screen Inc. and Derwin Dale Daniels did not appear in this open account dispute and the Clerk entered their default, Plaintiff ABC Supply Co., Inc. filed a Motion [10] for Default Judgment, followed by an Amended [11] Motion for Default Judgment. After due consideration of the Motions [10], [11], the record, and relevant legal authority, the Court finds that Plaintiff's Motions [10], [11] should be granted in part as to Plaintiff's request for $105,675.12 in compensatory damages and $6,302.90 in prejudgment interest against Defendants Gulf Coast Patio & Screen Inc. and Derwin Dale Daniels, jointly and severally, plus post-judgment interest calculated according to 28 U.S.C. § 1961(a), and denied in part as to Plaintiff's request for "expenses," without prejudice to its right to timely submit a bill of costs in accordance with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c).

I. BACKGROUND

On March 26, 2025, Plaintiff ABC Supply Co., Inc., d/b/a Town & Country Industries ("Plaintiff" or "ABC") filed a Complaint [1] against Defendant Gulf Coast Patio & Screen Inc. ("Gulf Coast"), *see* Compl. [1], followed on May 22, 2025, by an Amended Complaint [4] against Defendants Gulf Coast and Derwin Dale Daniels ("Daniels") (collectively, "Defendants"), *see* Am. Compl. [4].  Plaintiff's claims derive from Defendants' alleged failure to pay it for work, labor, and materials it provided. *Id.* at 1.   Specifically, the Amended Complaint [4] claims that "on or about June 18, 2024, Gulf Coast and ABC entered into an agreement whereby ABC agreed to sell building materials to Gulf Coast on credit, subject to certain conditions."   *Id.* "ABC supplied work and labor and sold building materials to Gulf Coast on credit; yet, Gulf Coast has not paid for all of the work, labor, and materials it received." *Id.*   ABC contends that, as of March 10, 2025, Defendants owed ABC a balance of $105,048.29 for work, labor, and materials.   *Id.* at 3.

The Amended Complaint [4] advances claims for open account (Count I), quantum meruit (Count II), and unjust enrichment (Count III) against Gulf Coast, as well as claim for individual liability (Count IV) against Daniels as the registered agent and sole incorporator of Gulf Coast on grounds that it is a dissolved corporation.   *Id.* at 3-5.   ABC demands a judgment against Defendants, jointly and severally, for the $105,048.29 unpaid balance, late fees, prejudgment and post-judgment interest at the maximum rate permitted by law, incidental and consequential damages, punitive damages, and attorneys' fees.   *Id.* at 6.

2

On July 13, 2025, the Clerk of Court entered default as to both Gulf Coast and Daniels. *See* Entry [9]. ABC then filed a Motion [10] for Default Judgment, followed by an Amended [11] Motion for Default Judgment. Mot. [10]; Am. Mot. [11]. ABC claims that it is entitled to recovery from Defendants of the $105,048.29 unpaid balance and, in accordance with the Terms and Conditions of Sale, late fees in the amount of $6,487.06 and interest in the amount $6,302.90. Mem. [12] at 7. ABC also seeks to recover its attorneys' fees of $12,942.00 and expenses of $680.00, for a total of $13,622.00. *See id.* at 7-8.

## II.  DISCUSSION

A.  Subject-Matter and Personal Jurisdiction

A district court has federal diversity jurisdiction when the parties are of diverse citizenship and the amount in controversy exceeds the sum or value of $75,000.00, exclusive of interest and costs. *See* 28 U.S.C. § 1332(a). The Amended Complaint [4] alleges that Plaintiff is incorporated in Delaware with its principal place of business in Wisconsin, making it a citizen of both Delaware and Wisconsin, and that Gulf Coast was incorporated and has its principal place of business in Mississippi, making it a citizen of Mississippi. *See* Am. Compl. [4] at 1; 28 U.S.C. § 1332(c)(1). Daniels is an adult citizen of the State of Mississippi, meaning there is complete diversity of citizenship. *See* Am. Compl. [4] at 2. And Plaintiff's claims exceed $75,000.00, so there is subject-matter jurisdiction under § 1332(a). *See id.*; 28 U.S.C. § 1332(a).

A plaintiff generally bears the burden of making a prima facie case of personal jurisdiction over a defendant when no evidentiary hearing is conducted.

*See, e.g., Conn Appliances, Inc. v. Williams*, 936 F.3d 345, 347 (5th Cir. 2019). Serving a summons establishes personal jurisdiction over a defendant who is subject to the jurisdiction of a court of general jurisdiction in the state where the court is located or when authorized by federal statute. *See* Fed. R. Civ. P. 4(k)(1).

In this case, the Amended Complaint [4] alleges sufficient facts to make a prima facie showing that Defendants Gulf Coast and Daniels are both resident citizens of Mississippi, that Gulf Coast was incorporated in the State of Mississippi, and that its sole incorporator and co-Defendant Daniels currently resides in this State, making them both subject to the general jurisdiction of this State. *See* Am. Compl. [4] at 1-2. "[A]nd it is long-established that the Constitution is not offended if a state exercises jurisdiction over a resident defendant." *United States v. Fritz*, 608 F. App'x 259, 260 (5th Cir. 2015) (citing *Helicopteros Nacionales de Colombia, S.A. v. Hall*, 466 U.S. 408, 415-16 (1984)). Because Gulf Coast and Daniels would be subject to the jurisdiction of a court of general jurisdiction in Mississippi, this Court has power to exercise *in personam* jurisdiction over them. *See* Fed. R. Civ. P. 4(k)(1).

B.   <u>Relevant Legal Authority</u>

Federal Rule of Civil Procedure 55(b)(2) permits a district court to enter a default judgment against a party where the clerk has entered the party's default. *See* Fed. R. Civ. P. 55(b)(2). "The role of a district court in adjudicating a motion for default judgment is limited." *Escalante v. Lidge*, 34 F.4th 486, 492 (5th Cir. 2022). By defaulting, a defendant admits a plaintiff's well-pleaded factual allegations in the complaint, *id.*, and a court accepts those facts as true and

determines whether the plaintiff has stated a claim upon which relief can be granted, *id.* at 492-93.

Consistent with Rule 8(a)(2), "a default judgment must be supported by well-pleaded allegations and must have a sufficient basis in the pleadings." *Wooten v. McDonald Transit Assocs., Inc.*, 788 F.3d 490, 498 (5th Cir. 2015) (quotation omitted). This requires "a short and plain statement of the claim showing that the pleader is entitled to relief . . . ." Fed. R. Civ. P. 8(a)(2). "The factual allegations in the complaint need only be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Wooten*, 788 F.3d at 498 (quotation omitted).

"A default judgment is a judgment on the merits that conclusively establishes the defendant's liability. But it does not establish the amount of damages." *U.S. For Use of M-CO Const., Inc. v. Shipco Gen., Inc.*, 814 F.2d 1011, 1014 (5th Cir. 1987). "As a general proposition, in the context of a default judgment, unliquidated damages normally are not awarded without an evidentiary hearing." *James v. Frame*, 6 F.3d 307, 310 (5th Cir. 1993). But that rule "is subject to an exception where the amount claimed is a liquidated sum or one capable of mathematical calculation." *Id.*

C. <u>Analysis</u>

1. <u>Plaintiff's Claims</u>

The Amended Complaint [4] asserts claims for open account (Count I), quantum meruit (Count II), and unjust enrichment (Count III) against Gulf Coast, as well as claim for individual liability (Count IV) against Daniels. Am. Compl. [4]

5

at 3-5.  An open-account agreement "is a type of credit extended through an advance agreement by a seller to a buyer which permits the buyer to make purchases without a note of security and is based on an evaluation of the buyer's credit."  *Tommy Brooks Oil Co. v. Wilburn*, 384 So. 3d 1212, 1220 (Miss. 2024) (quotation omitted).  "Generally, it is an account based on continuing transactions between the parties which have not been closed or settled but are kept open in anticipation of further transactions."  *Id.* (quotation omitted).  "What is required in any open-account case is sufficient proof of the alleged debt."  *Id.* at 1222.

The Amended Complaint [4] contains sufficient factual allegations to properly assert a claim for open account claim against Gulf Coast.  *See* Am. Compl. [4]; Fed. R. Civ. P. 8(a)(2).  It alleges that, "[i]n June 2024, Gulf Coast and ABC entered into an agreement whereby ABC agreed to sell building materials to Gulf Coast on credit, subject to certain conditions," and "[a]ll charges were made on an open account established by ABC and billed regularly."  Am. Compl. [4] at 3.  "Invoices were charged to the account and noticed to Gulf Coast."  *Id.*  But "Gulf Coast has refused and failed to pay the remaining open account balance of $105,048.29."  *Id.*  This is sufficient to state a claim for open account.  *See Tommy Brooks Oil Co.*, 384 So. 3d at 1222.  The Court therefore need not consider the alternative claims of quantum meruit and unjust enrichment against Gulf Coast.  *See* Am. Compl. [4] at 4-5.

As for Daniels' individual liability, the Amended Complaint [4] asserts that Gulf Coast was administratively dissolved by the Mississippi Secretary of State on or about December 26, 2007, that Daniels was its sole owner and officer, and that

6

Gulf Coast was dissolved because Daniels failed to, among other things, file the necessary paperwork with the Secretary of State as required under applicable law. *Id.* at 5. When Gulf Coast was dissolved, "[a] corporation administratively dissolved continues its corporate existence but may not carry on any business except that necessary to wind up and liquidate its business and affairs . . . and notify claimants . . . ." Miss. Code Ann. § 79-4-14.21(c) (Rev. 1991); *see* 1991 Miss. Laws Ch. 509 (H.B. 646). Upon the suspension of a corporation, a person who would attempt to act as a corporation is without authority to do so, and he is liable for all debts arising as a result of such acts. *See 4 H Const. Corp. v. Superior Boat Works, Inc.*, 579 F. App'x 278, 282 (5th Cir. 2014) ("[T]he owner of a corporation is personally liable for corporate liabilities after the administrative dissolution if he played an active role in the corporation." (citing *Carolina Transformer Co. v. Anderson*, 341 So. 2d 1327, 1330 (Miss. 1977)). Based upon the record, Daniels may be held personally liable for Gulf Coast's corporate liabilities. *See id.*

2. Compensatory Damages

In an open-account action, a court does not err in awarding a plaintiff compensatory damages based on invoices when the date of purchase, the kind of goods, their quantity, and their price are shown. *See Knights Marine & Indus. Servs., Inc. v. Gulfstream Enters., Inc.*, 216 So. 3d 1164, 1169-70 (Miss. Ct. App. 2017). ABC has submitted such invoices as exhibits to its Amended Complaint [4], showing items sold to Gulf Coast and reflecting an amount due as of March 10, 2025, of $99,188.06. *See* Ex. [4-3]; Ex [4-2]; *see also* Ex. [11-1] at 3. The Court will award this amount, the total of the outstanding invoices for purchase prices, to ABC

7

as compensatory damages.  *See Knights Marine & Indus. Servs., Inc.*, 216 So. 3d at 1169-70.

ABC has also presented evidence that, at the time Gulf Coast executed its credit application, there was "a standard 18% annual interest rate provision."  Ex. [11-1] at 2.  The invoices reflect that "LATE PAYMENT CHARGE: All accounts past due will be subject to a monthly late payment charge, not to exceed the maximum allowable by state or federal law."  Ex. [4-3] at 37.  And each time Gulf Coast purchased items from ABC, it agreed to ABC's (or the Seller's) "Terms and Conditions of Sale," which stated that "[a]ll accounts past due are subject to a monthly late payment charge, not to exceed the maximum allowed by applicable state and federal law."  Ex. [4-4] at 1.  Based upon these terms, ABC assessed late payment charges to Gulf Coast on five occasions: (1) $573.38 on July 31, 2024; (2) $1,478.42 on August 31, 2024; (3) $1,478.42 on September 30, 2024; (4) $1,478.42 on October 31, 2024; and (5) $1,478.42 on November 30, 2024, totaling $6,487.06.  Ex. [4-3] at 1-5.  The Court will award ABC these late fees in the amount of $6,487.06, for a total compensatory damages award of $105,675.12.  *See id.* at 2-3; Mem. [12] at 7; Ex. [4-2].

3. <u>Prejudgment Interest</u>

ABC also seeks "interest" in the amount $6,302.90, but it has not clearly explained how it calculated this total, including what rate it employed and over how many days interest accrued.  *See* Mem. [12] at 7; Ex. [11-1] at 3.  Mississippi courts have held that an award of prejudgment interest can be made if the principal amount is fixed before judgment, and where parties are operating under an open

account, such an award should be granted if the debt was liquidated, or "agreed on by the parties, readily determinable or fixed by operation of the law." *Knights Marine & Indus. Servs., Inc.*, 216 So. 3d at 1171 (quotation omitted). That is the case here based upon the allegations in the Amended Complaint [4] and the unpaid invoices. *See* Am. Compl. [4]; Ex. [4-2]; Ex. [4-3]. In Mississippi, "[t]he legal rate of interest on all notes, accounts and contracts shall be eight percent (8%) per annum, calculated according to the actuarial method, but contracts may be made, in writing, for payment of a finance charge as otherwise provided by this section or as otherwise authorized by law." Miss. Code Ann. § 75-17-1(1). And prejudgment interest is calculated from the date of the breach. *Knights Marine & Indus. Servs., Inc.*, 216 So. 3d at 1171.

By the Court's calculation, utilizing the 18% interest rate on the principal amount of $99,188.06, from the date of the last invoice on November 30, 2024, until the filing of the original Motion [10] for Default Judgment on July 25, 2025, which was 237 days, the interest that would have accrued using the 18% rate would have been $11,592.77, which is nearly twice the amount requested by ABC. *See* Mem. [12] at 7; Ex. [11-1] at 3. Utilizing Mississippi's 8% rate for the 237 days, the figure would be $5,152.34, below what ABC requests, and from the last invoice date to the date of the Amended Motion [11], or 254 days, this would have been $5,476.91. But applying this lower rate from the date of the last invoice to the date of this Order, approximately 299 days, would be $6,500.21 in interest, which is still slightly higher than the amount requested by ABC. Based on the Court's

9

calculations, it finds the amount of interest requested by ABC in the amount of $6,302.90 to be appropriate, and it will award this amount.

4.  <u>Attorneys' Fees and Expenses</u>

ABC also seeks to recover attorneys' fees of $12,942.00 and "expenses" of $680.00.  Mem. [12] at 7.  The Mississippi open account statute provides in relevant part that,

> [w]hen any person fails to pay an open account within thirty (30) days after receipt of written demand therefor correctly setting forth the amount owed and an itemized statement of the account in support thereof, that person shall be liable for reasonable attorney's fees to be set by the judge for the prosecution and collection of such claim when judgment on the claim is rendered in favor of the plaintiff.

Miss. Code Ann. § 11-53-81.  Further, "[a]ttorney's fees are recoverable when provided for by contract."  *Lane v. Lampkin*, 234 So. 3d 338, 351 (Miss. 2017).  And in this case, the Terms and Conditions of Sale specifically provide that "in the event any action is brought upon, or due to, this Agreement by either [party], and [ABC] prevails, [Defendant] will pay [Plaintiff's] reasonable attorney's fees and other costs incurred because of or in connection with such action."  Ex. [11-1] at 3 (alterations in original).  The Court therefore finds that attorneys' fees are recoverable in this case.  *See id.*; Miss. Code Ann. § 11-53-81.

In determining the amount of attorneys' fees, "[t]he controlling factor is what is reasonable."  *Tupelo Redevelopment Agency v. Gray Corp.*, 972 So. 2d 495, 521 (Miss. 2007) (quotation omitted).  A trial judge's starting point is "the number of hours reasonably expended on the litigation, multiplied by a reasonable hourly rate, after which the issue of attorneys' fees must then be appropriately considered in

light of Miss. R. Prof. Conduct 1.5(a) and the *McKee* factors." *Id.* at 522; *see McKee v. McKee*, 418 So. 2d 764, 767 (Miss. 1982). The *McKee* factors include the relative financial ability of the parties, the skill and standing of the attorney employed, the nature of the case and novelty and difficulty of the questions at issue, the degree of responsibility involved in the management of the case, the time and labor required, the usual and customary charge in the community, and the preclusion of other employment by the attorney due to acceptance of the case. *McKee*, 418 So. 2d at 767. Similarly, the Fifth Circuit uses the "lodestar" method, determining the reasonable number of hours expended on the litigation and the reasonable hourly rates for the participating lawyers, and then multiplying the reasonable hours by the reasonable hourly rates. *Louisiana Power & Light Co. v. Kellstrom*, 50 F.3d 319, 324 (5th Cir. 1995). The Court may either accept the lodestar or adjust it upward or downward based upon the circumstances. *Id.*

ABC has presented evidence that it has incurred legal fees of $12,942.00 in its collection efforts. Ex. [11-2] at 1. It details the hourly rates of its attorneys and the hours they expended, and counsel attests that the rates and amount of time billed are reasonable based upon their experience levels and the complexity and duration of this matter. *Id.* at 1-2. Having considered the evidence, the number of hours expended and the hourly rates both reasonable, resulting in a $12,942.00 lodestar, and after a review of all relevant factors, the Court accepts the lodestar as the appropriate award. *See id.*; *Kellstrom*, 50 F.3d at 324; *Tupelo Redevelopment Agency*, 972 So. 2d at 521; *McKee*, 418 So. 2d at 767; *see also Dynasteel Corp. v. Aztec Indus., Inc.*, 611 So. 2d 977, 986 (Miss. 1992) (adopting a rebuttable

presumption that a reasonable award of attorneys' fees in collection matters is one-third of the indebtedness).

ABC also seeks "expenses" totaling $680.00, but it does not delineate what these include. Mem. [12] at 7; Ex. [11-2] at 2. ABC's counsel filed a "Declaration in Support of Requested Attorney's Fees and Costs," which states that

> [t]hese legal fees and expenses were incurred in connection with the review and analysis of the applicable terms and conditions of sale and invoices, filing suit to enforce Defendants' obligations, *obtaining service of process of Defendants*, prosecuting the lawsuit for default, and pursuing a judgment against Defendants.

Ex. [11-2] at 1-2 (emphasis added). ABC appears to conflate expenses and costs. *See id.*; 28 U.S.C. § 1920.

Federal Rule of Civil Procedure 54(d)(1) provides that "[u]nless a federal statute, these rules, or a court order provides otherwise, costs--other than attorney's fees--should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). "Rule 54(d)(1) contains a strong presumption that the prevailing party will be awarded costs." *Pacheco v. Mineta*, 448 F.3d 783, 793 (5th Cir. 2006). Under 28 U.S.C. § 1920,

> [a] judge or clerk of any court of the United States may tax as costs the following:
> (1) Fees of the clerk and marshal;
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
> (3) Fees and disbursements for printing and witnesses;
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
> (5) Docket fees under section 1923 of this title;
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

12

> A bill of costs shall be filed in the case and, upon allowance, included in the judgment or decree.

28 U.S.C. § 1920. And Local Uniform Civil Rule 54(c) provides that

> [i]n all civil actions in which costs are allowed under 28 U.S.C. § 1920 in the final judgment as defined in FED. R. CIV. P. 54(a), the prevailing party to whom costs are awarded must file the bill of costs not later than thirty days after entry of judgment.

L.U. Civ. R. 54(c).

It appears that ABC's request for "expenses" may include at least in part, a request for "costs" under § 1920. While the Court finds that a request for properly recoverable costs should be allowed, it will decline to tax them at this time. The Court will permit Plaintiff to submit a bill of costs not later than thirty days after entry of judgment, if it desires to do so, consistent with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c). This part of Plaintiff's Motion [10] and Amended Motion [11] will be denied in part, without prejudice to Plaintiff's right to submit a bill of costs.

### III. CONCLUSION

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that, Plaintiff ABC Supply Co., Inc.'s Motion [10] for Default Judgment and Amended [11] Motion for Default Judgment are **GRANTED IN PART**, in that the Court will enter a Default Judgment in favor of Plaintiff ABC Supply Co., Inc., against Defendants Gulf Coast Patio & Screen Inc. and Derwin Dale Daniels, jointly and severally, in the amount of $105,675.12 in compensatory damages and $6,302.90 in prejudgment interest, for a total judgment of $111,978.02, plus post-judgment interest calculated in

accordance with 28 U.S.C. § 1961(a).   The Motions [10], [11] are **DENIED IN PART WITHOUT PREJUDICE** as to Plaintiff ABC Supply Co., Inc.'s request for costs, with leave to submit a proper bill of costs in conformity with 28 U.S.C. § 1920 and Local Uniform Civil Rule 54(c).

**SO ORDERED AND ADJUDGED**, this the 25th day of September, 2025.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
CHIEF UNITED STATES DISTRICT JUDGE